UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**KIMBERLY E. KING,**

    **Petitioner,**

    v.                                                                              **Case No. 24-CV-1630-SCD**

**JOHNATHAN RICHARDS,**
**MARISABEL CABRERA,**
**THOMAS HASLE,**
**KEVIN CLANCY,** and
**COLLEEN CULLEN,**

    **Respondents.**

---

**DECISION AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS**

---

In January 2022, the State of Wisconsin charged Kimberly King with violating a harassment restraining order. *See* ECF No. 1 at 1; *see also* Milwaukee Cnty. Cir. Ct. Case No. 2022CM000126, https://wcca.wicourts.gov/.[1] The case has been delayed for various reasons, including the withdrawal of several defense lawyers, King not showing up for court, and court-ordered competency proceedings. In September 2024, King filed a federal complaint alleging that the parties involved in her state criminal case colluded to deny her constitutional right to a speedy trial. *See* E.D. Wis. Civ. Case No. 24-CV-1248-JPS. She named as defendants the prosecuting attorneys (Thomas Hasle and Kevin Clancy), police officers who investigated her

---

[1] A court may take judicial notice of public records available on government websites. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases where courts took judicial notice of public records and government records).

alleged criminal conduct (Sao Yang and Ashley Navon), the presiding judge (Marisabel Cabrera), and her court-appointed attorneys (Matt Plummer and Allison Ritter). Among other forms of relief, she asked the federal court to dismiss her state criminal case. United States District Judge J.P. Stadtmueller screened the complaint under 28 U.S.C. § 1915; dismissed with prejudice King's claims against the prosecuting attorneys, the state-court judge, and defense counsel; and gave King an opportunity to file an amended complaint against the police officers.

Instead of submitting an amended complaint, King filed a notice of appeal with the federal court of appeals and a petition for a writ of mandamus in federal district court. Like the complaint, King's mandamus petition seeks to compel the dismissal of her pending state criminal charges for the alleged violation of her constitutional right to a speedy trial. *See* ECF No. 1. Unlike the complaint, however, the petition does not seek any other relief. *See id.* at 8. King names as respondents to the petition all the parties from her complaint plus five new players: the State of Wisconsin, Johnathan Richards (the judge who previously presided over King's state criminal case), Colleen Cullen and Emily Bell (defense attorneys who previously withdrew from representing King in her state criminal case), and Judge Stadtmueller.

Respondents Cabrera, Richards, Hasle, Clancy, and Cullen have moved to dismiss the petition under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[2] *See* ECF No. 10. The respondents first argue that this court is not able to provide the relief that King requests. *See* ECF No. 11 at 3–4. The only relief King seeks in her petition is the dismissal of her state charges and a declaration that her right to a speedy trial has been violated. *See* ECF

---

[2] These respondents and King have consented to magistrate magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 5 & 9.

No. 1 at 8. King says that the court has jurisdiction over her petition pursuant to 28 U.S.C. § 1361. *See id.* at 1. That statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Cabrera, Richards, Hasle, Clancy, and Cullen all are *state* officials. Thus, § 1361 does not empower this court to issue a writ of mandamus compelling any action by those respondents.

King also does not explain why she is unable to seek relief in state court for the alleged violation of her right to a speedy trial. Although King alleges that her attorneys refused to seek dismissal of the state charge, recently she was permitted to proceed without counsel. King therefore appears to have a fully adequate alternative remedy available to her. *See, e.g.*, *In re Novak*, 771 F. App'x 680, 681–83 (7th Cir. 2019) (holding that mandamus relief is not available if the petitioner has an adequate alternative remedy available).

The respondents also argue that the *Younger* abstention doctrine precludes this court from interfering in King's ongoing state criminal proceedings. Under the *Younger* abstention doctrine, "federal courts must abstain from interfering with state court criminal proceedings involving important state interests as long as the state court provides an opportunity to raise the federal claims and no 'exceptional circumstances' exist." *Cole v. Beck*, 765 F. App'x 137, 138 (7th Cir. 2019) (citing *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007); *Younger v. Harris*, 401 U.S. 37, 53–54 (1971)). Wisconsin has an important interest in enforcing its criminal laws, and nothing in the petition suggests that King cannot raise her speedy-trial claim in state court. Moreover, King's general allegations of unfairness and procedural irregularities do not amount to exceptional circumstances justifying federal court intervention.

3

King also claims in her mandamus petition that her right to a speedy trial has been violated. The Seventh Circuit has held that "[a] well-founded claim that a petitioner's right to a speedy trial has been violated can be an exceptional circumstance because immediate federal intervention is necessary to prevent the challenge from becoming moot." *Cole*, 765 F. App'x at 138 (citing *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010)). "The factors relevant to whether a delay violates a defendant's constitutional rights include: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530–33 (1972); *O'Quinn v. Spiller*, 806 F.3d 974, 977 (7th Cir. 2015)).

King's speedy-trial claim does not constitute an exceptional circumstance in this case. As Judge Stadtmueller explained in his order dismissing King's federal complaint, the dismissal by a federal court of pending state charges must be addressed by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2241. King, however, does not appear to be "in custody" for purposes of that statute. *See* 28 U.S.C. § 2241(c). Moreover, speedy trial considerations constitute an exceptional circumstance "only where the petitioner is seeking to force a trial; they are not a basis for dismissing a pending state criminal charge outright." *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 986–97 (E.D. Wis. 1999) (collecting cases); *see also Graf v. Clarke*, No. 14-C-1205, 2014 WL 5361309, 2014 U.S. Dist. LEXIS 149218, at *2–3 (E.D. Wis. Oct. 20, 2014) (dismissing at screening a § 2241 habeas petition where the petitioner sought dismissal of his pending state charges as a remedy for an alleged violation of his constitutional right to a speedy trial). King does not ask this court to force a trial in state court to protect her constitutional right to a speedy trial. Rather, she asks this court to dismiss outright her state criminal case on speedy-trial grounds. I cannot provide that relief; King

must instead first pursue her speedy-trial claim in state court. *See Olsson v. Curran*, 328 F. App'x 334, 335–36 (7th Cir. 2009) (affirming the dismissal of a § 2241 habeas petition raising a speedy-trial claim because the petitioner failed to exhaust his state-court remedies or present any exceptional circumstances to justify enjoining his state criminal proceedings).

Accordingly, for all the foregoing reasons, the court **GRANTS** the respondents' motion to dismiss, ECF No. 10. Marisabel Cabrera, Johnathan Richards, Thomas Hasle, Kevin Clancy, and Colleen Cullen are **DISMISSED** as respondents in this action.

**SO ORDERED** this 11th day of February, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge