UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**KIMBERLY E. KING,**

    Petitioner,

    v.                                                        Case No. 24-CV-1630-SCD

**STATE OF WISCONSIN,**
**SAO YANG,**
**ASHLEY NAVON,**
**EMILY BELL,**
**MATT PLUMMER,**
**ALLISON RITTER,** and
**J.P. STADTMUELLER,**

    Respondents.

---

## REPORT AND RECOMMENDATION

---

In January 2022, the State of Wisconsin charged Kimberly King with violating a harassment restraining order. *See* ECF No. 1 at 1; *see also* Milwaukee Cnty. Cir. Ct. Case No. 2022CM000126, https://wcca.wicourts.gov/.[1] The case has been delayed for various reasons, including the withdrawal of several defense lawyers, King not showing up for court, and court-ordered competency proceedings. In September 2024, King filed a federal complaint alleging that the parties involved in her state criminal case colluded to deny her constitutional right to a speedy trial. *See* E.D. Wis. Civ. Case No. 24-CV-1248-JPS. She named as defendants the

---

[1] A court may take judicial notice of public records available on government websites. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases where courts took judicial notice of public records and government records).

prosecuting attorneys (Thomas Hasle and Kevin Clancy), police officers who investigated her alleged criminal conduct (Sao Yang and Ashley Navon), the presiding judge (Marisabel Cabrera), and her court-appointed attorneys (Matt Plummer and Allison Ritter). Among other forms of relief, she asked the federal court to dismiss her state criminal case. United States District Judge J.P. Stadtmueller screened the complaint under 28 U.S.C. § 1915; dismissed with prejudice King's claims against the prosecuting attorneys, the state-court judge, and defense counsel; and gave King an opportunity to file an amended complaint against the police officers.

Instead of submitting an amended complaint, King filed a notice of appeal with the federal court of appeals and a petition for a writ of mandamus in federal district court. Like the complaint, King's mandamus petition seeks to compel the dismissal of her pending state criminal charges for the alleged violation of her constitutional right to a speedy trial. *See* ECF No. 1. Unlike the complaint, however, the petition does not seek any other relief. *See id.* at 8. King names as respondents to the petition all the parties from her complaint plus five "new" players: the State of Wisconsin, Johnathan Richards (the judge who previously presided over King's state criminal case), Colleen Cullen and Emily Bell (defense attorneys who previously withdrew from representing King in her state criminal case), and Judge Stadtmueller.

There are several problems with King's mandamus petition. First, this court is not able to provide the relief she requests. The only relief King seeks in her petition is the dismissal of her state charges and a declaration that her right to a speedy trial has been violated. *See* ECF No. 1 at 8. King says that the court has jurisdiction over her petition pursuant to 28 U.S.C. § 1361. *See id.* at 1. That statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the

2

United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. None the respondents—save for one—are federal officers or employees. Thus, § 1361 does not empower this court to issue a writ of mandamus compelling any action by those respondents. Judge Stadtmueller is an officer of the United States. However, this court is not able to issue a writ of mandamus against a district judge. *See Trackwell v. United States*, 472 F.3d 1242, 1246 (10th Cir. 2007) ("For a district court to issue a writ of mandamus against an equal or higher court would be remarkable.").

Second, King does not explain why she is unable to seek relief in state court for the alleged violation of her constitutional right to a speedy trial. Although King alleges that her attorneys refused to seek dismissal of the state charge, recently she was permitted to proceed without counsel. King therefore appears to have a fully adequate alternative remedy available to her. *See, e.g.*, *In re Novak*, 771 F. App'x 680, 681–83 (7th Cir. 2019) (holding that mandamus relief is not available if the petitioner has an adequate alternative remedy available).

Third, the *Younger* abstention doctrine precludes this court from interfering in King's ongoing state criminal proceedings. Under the *Younger* abstention doctrine, "federal courts must abstain from interfering with state court criminal proceedings involving important state interests as long as the state court provides an opportunity to raise the federal claims and no 'exceptional circumstances' exist." *Cole v. Beck*, 765 F. App'x 137, 138 (7th Cir. 2019) (citing *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007); *Younger v. Harris*, 401 U.S. 37, 53–54 (1971)). Although "[a] well-founded claim that a petitioner's right to a speedy trial has been violated can be an exceptional circumstance because immediate federal intervention is necessary to prevent the challenge from becoming moot," *id.* (citing *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010)), speedy trial considerations constitute an exceptional

3

circumstance "only where the petitioner is seeking to force a trial; they are not a basis for dismissing a pending state criminal charge outright," *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 986–97 (E.D. Wis. 1999) (collecting cases); *see also Graf v. Clarke*, No. 14-C-1205, 2014 WL 5361309, 2014 U.S. Dist. LEXIS 149218, at *2–3 (E.D. Wis. Oct. 20, 2014) (dismissing at screening a § 2241 habeas petition where the petitioner sought dismissal of his pending state charges as a remedy for an alleged violation of his constitutional right to a speedy trial). King does not ask this court to force a trial in state court to protect her constitutional right to a speedy trial. Rather, she asks this court to dismiss outright her state criminal case on speedy-trial grounds. This court cannot provide that relief; King must instead first pursue her speedy-trial claim in state court. *See Olsson v. Curran*, 328 F. App'x 334, 335–36 (7th Cir. 2009) (affirming the dismissal of a § 2241 habeas petition raising a speedy-trial claim because the petitioner failed to exhaust his state-court remedies or present any exceptional circumstances to justify enjoining his state criminal proceedings).

Finally, although stylized as a petition for a writ of mandamus, King's filing is really an appeal of Judge Stadtmueller's decision dismissing her complaint.[2] If available, relief from that order lies with the court of appeals, not a judge within the same district court. *See Barnes v. Warden*, No. 18-cv-2117-NJR, 2018 WL 6305596, 2018 U.S. Dist. LEXIS 204242, at *4 (S.D. Ill. Dec. 3, 2018) ("It is not within the power of this Court to review final orders of another district court judge . . . . The remedy for challenging an adverse decision from a district judge is to appeal."). And King has already appealed that order.

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, I cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*,

---

[2] The additional respondents do not change the substance of King's allegations.

860 F.3d 461, 475 (7th Cir. 2017).³ Thus, the clerk of court shall randomly assign this matter to a district judge to consider the following recommendations: (1) that the petition for writ of mandamus, ECF No. 1, be denied; (2) that the petitioner's application to proceed in district court without prepaying fees or costs, ECF No. 2, be denied as moot; (3) that the petitioner's motion for alternative method of service, ECF No. 6, be denied as moot; and (4) that judgment be entered accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the court in writing.

**SO ORDERED** this 11th day of February, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge

---

³ I recently granted the motion to dismiss filed by respondents Marisabel Cabrera, Johnathan Richards, Thomas Hasle, Kevin Clancy, and Colleen Cullen. *See* ECF No. 14.